

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

**24CV211155**

| | |
|---|---|
| MARGARET BARBOUR<br>5872 LEE AVE.<br>NORTH RIDGEVILLE, OH 44039 | CASE NO.<br>JUDGE JUDGE RAYMOND J. EWERS |
| Plaintiff, | COMPLAINT FOR MONEY |
| vs. | |
| SPEEDWAY, c/o STORE MANAGER<br>35066 CENTER NORTH RIDGE RD.<br>NORTH RIDGEVILLE, OH 44039 | |
| and | |
| SPEEDWAY, LLC<br>CORPORATE CREATIONS NETWORK INC.,<br>STATUTORY AGENT<br>119 E. COURT STREET<br>CINCINNATI OH 45202 | |
| and | |
| JOHN DOE 1, DEFENDANT WHOSE NAME IS UNKNOWN TO THE PLAINTIFF AT THIS TIME | |
| and | |
| JOHN DOE 2, DEFENDANT WHOSE NAME IS UNKNOWN TO THE PLAINTIFF AT THIS TIME | |
| and | |
| JOHN DOE CORPORATIONS 1 THROUGH 5,<br>Names and addresses are unknown to the Plaintiffs at this time. | |
| Defendants. | |

Ex. A

## COUNT I

1. At all times relevant hereto, Defendants John Doe Corporation 1-5, inclusive, are persons, and/or entities, including but not limited to, employees, agents, and/or representatives who owned, controlled, and/or maintained the premises at 35066 Center Ridge Road, North Ridgeville, in the County of Lorain, Ohio, and whose names the Plaintiff does not know and have been unable to presently ascertain. Defendants John Doe Corporation 1-5, inclusive, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiff to discover the names of John Doe Corporation 1-5, inclusive, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

2. At all times relevant hereto, Defendant John Doe 1, is a person, and/or entity, including but not limited to, an employee, agent, and/or representative who, while in the course and scope of their employment with the named Defendants herein, was the maintenance professional and / or contractor and /or groundskeeper responsible for the maintenance duties at the building, and / or premises located 35066 Center Ridge Road, North Ridgeville, in the County of Lorain, Ohio, on the date mentioned herein, and whose name and address the Plaintiff does not know and has been unable to presently ascertain. Defendant John Doe 1 presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiff

to discover the name of Defendant John Doe 1, this action would be brought against them in their proper, true and exact name and capacity, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

3. At all times relevant hereto, Defendant John Doe 2, is a person, and/or entity, including but not limited to, an employee, agent, and/or representative who, while in the course and scope of their employment with the named Defendants herein, was the maintenance individual who was responsible for maintaining the lot, buildings, and / or premises located at 35066 Center Ridge Road, North Ridgeville, in the County of Lorain, Ohio, on the date mentioned herein, and whose name and address the Plaintiff does not know and has been unable to presently ascertain. Defendant John Doe 2 presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiff to discover the name of Defendant John Doe 2, this action would be brought against them in their proper, true and exact name and capacity, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

4. At all times relevant herein, Defendant Speedway, LLC and/or John Does 1, 2, and John Doe Corporation 1-5, were, were the owners of the property and/or owners of the building located at 35066 Center Ridge Road, North Ridgeville, in the County of Lorain, Ohio. Defendant Speedway, LLC, is a duly organized facility, licensed to do business under the laws of the State of Ohio.

5. Said Defendants had control of and/or were in charge of repairs and maintenance, of the aforementioned premises. Further, Defendant's agents, employees and/or representatives,

who were acting within the course and scope of their employment with Defendants, were acting under an agreement, arrangement and/or relationship known only by them at this time.

6. On or about January 8, 2022, Plaintiff Margaret Barbour was a business invitee on the premises of Defendant Speedway, LLC at the aforementioned location. Plaintiff was inside Speedway, LLC when her foot got stuck on a defective display rack. Plaintiff Margaret Barbour was proximately caused to slip and fall due to her foot being caught on the defective display rack, which was either created by Defendant's actions or was present with actual or constructive notice to the Defendants. Defendants further failed to warn their customers, including Plaintiff, about said defective display rack.

7. Plaintiff Margaret Barbour states that the Defendants were actively negligent in the maintenance, care, and/or control of the aforementioned area by creating and allowing a hazard, *i.e.*, defective display rack, which hereby caused Plaintiff to fall and suffer severe and permanent injuries. Defendants also failed to warn invitees and the general public of the aforesaid dangerous condition.

8. Plaintiff Margaret Barbour further states Defendants were negligent and/or created and/or maintained a nuisance and/or hazard by allowing a dangerous condition to exist with total disregard to invitees and the general public lawfully using the aforesaid property, and particularly to Plaintiff Margaret Barbour who had a right to expect Defendants to exercise reasonable care in their maintenance and/or control of the aforesaid premises.

9. Plaintiff further states Defendants were actively negligent in creating and/or maintaining a hazard including the aforementioned area which is frequently used by the public.

10. As a direct and proximate result of the negligence of the Defendants in their

maintenance, care and/or control of the aforementioned area and/or in creating and/or maintaining a hazard, Plaintiff Margaret Barbour was caused to suffer severe and permanent injuries, suffered great pain of body and mind, a loss of enjoyment of life, lost time and income from employment, suffered mental anguish, required medical care and treatment in the past, and will continue to suffer said losses in the future all to her expense and obligation.

WHEREFORE, Plaintiff Margaret Barbour demands judgment against the Defendants, jointly and severally in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00), together with interest, and costs of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00), together with interest, and costs of this action.

Respectfully Submitted,

KEVIN L. LENSON (0066898)
ELK & ELK CO., LTD.
6105 Parkland Boulevard, Suite 200
Mayfield Hts., Ohio 44124
Phone: (440)442-6677
Facsimile: (440) 442-7944
E-mail: klenson@elkandelk.com
*Attorney for Plaintiff*